Gary S. Fish, Esq. (GSF 6551)
20 Vesey Street, #210, NY, NY 10007
(212) 964-5072
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X CASE NO.:
SAMUEL WILKENS,

                PLAINTIFF,

                                   PLAINTIFF'S COMPLAINT

                -against-

                                   (Plaintiff Demands a Trial by Jury
                                   Of all issues herein)

THE CITY OF STAMFORD; STAMFORD
POLICE DEPARTMENT, "JOHN DOE",
AND "RICHARD ROE",

                DEFENDANTS.
------------------------------------------------------------------------X
     The plaintiff, by and through his attorney Gary S. Fish, Esq., complains against

defendants as follows:

     I.      PARTIES AND JURISDICTION

    1.  On or about March 2021, and at all times relevant herein, plaintiff resided and

resides at 1171 Washington, #6C, Bronx, NY 10456, in the County of The Bronx, State of New

York.

    2.  On or about March 2021, and at all times relevant herein, on information and

belief, defendant The City of Stamford, was and is a municipal corporation lawfully

organized and existing under the laws of the State of Connecticut, and on said date and at all

times relevant herein, said defendant had and has a principal place of business located at

888 Washington Boulevard, Stamford, Ct. 06901.

3. On or about       March  2021,   and at all times relevant herein, defendant   Stamford
Police Department   was a business entity   on   information and belief, under the dominion,
and/or  possession and/or  ownership and/or  control of defendant  The City of  Stamford,
and   said defendant, which on information and   belief had and has a    principal place of business
located at    725 Bedford Street, Stamford, CT. 06901,     and   at all times relevant herein, acted
pursuant to a municipality implemented   plan, decision, custom   rule, regulation and/or usage,
and each act of wrongdoing   herein after alleged to have been    committed   by  defendants
"John Doe" and "Richard Roe",    defendant  Stamford Police Department   police officers,
whose names are presently unascertained,     was committed pursuant to a municipality
implemented policy, statement,   ordinance, regulation, and/or decision officially and/or
unofficially adopted by that body's   officers, resulting in the herein after described constitutional
violations, on behalf of defendant  The City of  Stamford   and/or defendant  Stamford Police
Department ,  which  expressly and/or impliedly  ratified each act of wrongdoing herein after
alleged to have been   committed by defendants herein.

4. On or about       March  2021,  at or near 120 Stratford Street,  Stamford, CT. in
a    residence owned and/or leased by Deasha Thomas,   then girlfriend of the plaintiff, she
attacked and/or punched and/or bit the plaintiff, and/or scratched herself and/or inflicted harm
on herself, in order to falsely implicate the plaintiff in a false domestic violence charge, that
the defendant Stamford Police Department admitted to the plaintiff   was false and without merit

5. On or about    March   2021, and at all times relevant herein,    the defendants, herein,
arrested the plaintiff   for   the above domestic violence charge, which was in fact dismissed in

Stamford Criminal Court on or about July 2021, and then acted pursuant to a municipality implemented custom, plan, rule and/or decision, and/or wrongfully fabricated inculpatory evidence and/or suppressed exculpatory evidence, pertaining to this plaintiff.

6. Pursuant to 28 U.S.C. Section 1343(a)(3), the Federal Court has original jurisdiction to redress the deprivation of civil rights under color of any law, statute, ordinance of any right, privilege, or immunity secured by the U.S. Constitution, providing for equal rights of any citizens or of all persons within U.S. jurisdiction, and jurisdiction exists herein under

42 U..S.C. Section 1983, proscribing excessive force and/or malicious prosecution therefor.

7. Jurisdiction herein is founded on diversity of citizenship between plaintiff, who resides in the State of New York, and defendants, which are business entities in City of Stamford, State of Connecticut, and the amount in controversy herein, exclusive of interests and costs, exceeds $250,000.00, and venue is proper herein, where the defendant resides , and venue is proper therefore in the United States District Court, Southern District of New York.

COUNT I
(VIOLATION OF 42 U.S.C. SECTION 1983-FALSE ARREST )

8. On or about March 2021, defendants "John Doe" and "Richard Roe", defendant Stamford Police Department officers, whose true names are unascertained at present; at 120 Stratford Street, Stamford, CT., the residence and/or leased home of plaintiff then girlfriend Deasha Thomas, wrongfully, intentionally, and/or without probable cause and/or without warrant, arrested the plaintiff for assault and/or domestic violence, although the defendants knew and/or should have known that plaintiff's then girlfriend Deasha Thomas had a history of bipolar

-3-

schizophrenia and/or had made similar false claims against the plaintiff before, which she always

recanted and admitted to the defendants  was false, such as the present claim against him.

Said defendants  then acted within  the scope of their authority and/or agency and/or

employment on behalf of  defendants  Stamford  Police Department ("NYPD"), under the

dominion, possession,  ownership and/or control of  defendant The City of Stamford.

9.  Defendants'  false arrest  of the plaintiff  was wanton,  intentional, wrongful,

egregious, heinous, oppressive, and opprobrious, was  calculated to and did  result in loss of

plaintiff's  liberty and property rights.  ,and defendants  are liable for  punitive

and exemplary  damages thereof.

10. As a result of defendants'  false arrest of plaintiff,  he sustained loss of liberty

and/or wrongful and intentional confinement without probable cause  of approximately four (4)

months.

11. As a result of  defendants'  false arrest of  the plaintiff on or about March 2021,

the plaintiff incurred reasonable attorney  fees and  costs

COUNT II
(VIOLATION OF 42 U.S.C. SECTION 1983-MALICIOUS PROSECUTION)

12. Plaintiff  herewith repeats, restates and realleges Paragraphs 1-11  herein  above.

13.  The defendants, and each  of them, from  on or about  March 2021 , up to and

including on or about  July  2021,  wrongfully, and intentionally, and/or maliciously

prosecuted, without  probable  cause,  in  Stamford  Criminal  Court,  Stamford, CT.,

an assault  and/or domestic violence case, inter alia, against  plaintiff, that was on or

about  July  2021 dismissed, and thereby favorably terminated.

14.  The malicious prosecution of  plaintiff by defendants,  was part and parcel of a

-4-

unconstitutional municipality implemented plan, decision, custom and/or long standing usage, without probable cause and/or was extra-judicial and/or ultra vires in nature, because defendants relied on the known false testimony of complaining witness Deasha Thomas, who had repeatedly lied to defendant Stamford Police Department in the past concerning allegations against the plaintiff herein, and/or defendants wrongfully fabricated inculpatory evidence against plaintiff, including wrongful Deasha Thomas testimony and/or wrongfully concealed from the plaintiff exculpatory evidence, including medical and/or scientific evidence that showed that the wounds on Deasha Thomas were self-inflicted.

15. Defendants' 42 U.S.C Section 1983 violations were wilful, deliberate, wrongful, in conscious disregard of plaintiff's liberty and property rights, was oppressive, heinous and opprobrious, and defendants, and each of them, are liable for punitive and exemplary damages therefor.

16. As a result of defendants' herein constitutional violations, plaintiff incurred reasonable attorney fees and costs.

WHEREFORE, plaintiff prays for relief as follows:

AS AND FOR EACH OF THE FIRST AND SECOND COUNTS:

1. For damages in the amount of $350,000.00 (Three Hundred Fifty Thousand Dollars and Zero Cents);

2. For punitive and exemplary damages in the amount of $1,400,000.00; (One Million Four Hundred Thousand Dollars and Zero Cents);

3. For reasonable attorney fees and costs;

4. For disbursements; and

-5-

5. For any other just relief by the Court.

DATED: NY, NY; JANUARY    25, 2024

Respectfully submitted,

Gary S. Fish, Esq., (GSF 6551), Attorney for
the Plaintiff, 20 Vesey Street, #210, NY, NY
10007; (212) 964-5072

-6-